OPINION
Appellant, fifteen-year-old Scott Tindle, appeals from his adjudication as a delinquent child in the Butler County Court of Common Pleas, Juvenile Division, by reason of having committed an act which if committed by an adult would constitute felonious sexual penetration in violation of R.C. 2907.12. We affirm.
On several occasions during March and April 1996, appellant was present in the Caudill home with Casey Caudill and John Howard, both also fifteen years old. Sometime after these visits, four-year-old Katie Caudill told her mother that her "coochie" was red and hurting because "Bobby [seven-year-old Bobby Caudill] wouldn't leave it alone."
Mrs. Caudill questioned the Caudill boys (besides Casey and Bobby there is eleven-year-old Chris and ten-year-old Josh) and as a result, Butler County Children Services Bureau ("BCCSB") became involved. BCCSB caseworker Cindy Hayes notified the Oxford Police Department of possible sexual abuse, and following Detective Dwight Johnson's interviews with the children, delinquency complaints were filed against Casey Caudill, John Howard, and appellant.
Prior to the adjudication hearing, the state filed a motion pursuant to R.C. 2151.3511 that the court permit the alleged child victims to testify from outside the courtroom via closed circuit television. The motion was granted as to the testimony of Katie, Josh, and Bobby.
At the conclusion of the hearing, the juvenile court found appellant to be a delinquent child due to having committed felonious sexual penetration upon Katie Caudill. Appellant raises two assignments of error on appeal:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED ERROR IN PERMITTING CLOSED CIRCUIT TELEVISION TESTIMONY AS TO TWO WITNESSES.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED ERROR IN FINDING APPELLANT TO BE A DELINQUENT CHILD WHEN SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant argues that the trial court erred in allowing the closed circuit television testimony of Bobby and Josh. Appellant contends that because he was not charged with any offenses relating to Bobby and Josh, they were not "victims" for purposes of R.C. 2151.3511.[1]
R.C. 2151.3511 aids in securing the testimony of a child victim in a juvenile sex abuse case. See State v. Storch (1993),66 Ohio St.3d 280, 284 (liberalization of rules under which evidence is admitted in child sex abuse cases resulted from the need for admissible evidence in order for offenders to face the legal consequences of their actions). In a situation where the statute would be invoked, there would otherwise be no testimony due to the child's trauma from and/or fear of the accused's physical presence in the courtroom. See In re Graves (Apr. 10, 1995), Clinton App. No. CA94-07-018, unreported at 9 (right to confrontation may be satisfied without a face-to-face encounter where necessary to further an important public policy and where the testimony's reliability is otherwise assured).
In this case, Dr. Sherry Baker, a psychologist with the Children's Diagnostic Center, testified regarding trauma to child victims of sexual abuse. Dr. Baker testified that requiring testimony to be given in front of the alleged perpetrator would impede or impair the child's ability to testify because the child would reexperience the trauma.
Dr. Baker was also asked if a child who was forced to observe sexual abuse on another child would potentially have problems discussing what they had observed in front of the alleged perpetrator. Dr. Baker's testimony was that "simply being exposed to abuse can have the same effect as experiencing it. So the trauma * * * can be very similar."
Seven-year-old Bobby testified that he was handcuffed to the bedpost while appellant and two other individuals committed sexual acts on Bobby's four-year-old sister, Katie. Bobby stated that when he closed his eyes, he was slapped in the face and made to watch. Bobby further stated that he was told that he would be killed if he told anyone and that appellant held a knife up to Bobby's neck and said "this is not a threat, it's a promise."
Ten-year-old Josh also testified that he was threatened by his older brother Casey, who "was taking up for the whole group, Scott and John and him." Josh stated that "I was scared because Casey always threatened me. * * * I got my arm cut open by him." During Josh's interview with Detective Dwight Johnson of the Oxford Police Department, the detective noted that Josh had a one and one-half inch scar on his right armpit.
Based on our review of the record, we find that there was sufficient evidence for the trial court to determine that Josh and Bobby were unable to testify in appellant's presence due to fear and the substantial likelihood of emotional trauma. See R.C.2151.3511(E). Considering the factual circumstances of Josh and Bobby's presence during the commission of these offenses, there is substantial evidence to support the trial court's determination that Josh and Bobby were "victims" within the meaning of R.C. 2151.3511, and that allowing their testimony to be televised from outside the courtroom would fulfill the purpose behind the statute. See Graves, Clinton App. No. CA94-07-018, unreported at 10, citing State v. Eastham (1988), 39 Ohio St.3d 307,310 (Ohio recognizes protection of child sexual abuse victims as important public policy).
Appellant also argues that the state's motion for televised testimony did not specify the names of the alleged victims and that the court did not make a specific determination of the motion on the record. Appellant contends that he was prejudiced because he was not adequately prepared to address the "victim" issue with respect to Bobby and Josh.
According to the record, the state's motion and the victim issue were discussed prior to the adjudication hearing. In discussing the pending testimony of another four-year-old witness against John Howard, the court asked:
 Q. [directed by the court to defense counsel]: [I]s this one of the witnesses you * * * talked about in pre-trial that * * * she's not an alleged victim today?
 A. [By Prosecutor Sara Kelly]: Oh, no. Tiffany's an alleged victim[.]
The court sustained appellant's later objection to Chris Caudill's televised testimony because Chris was already eleven years old when the complaint was filed. At the same time, however, the court stated:
 So Bobby and Josh, as the Court indicated, we would permit the testimony to take place that way [via television] and reserve that issue for the Court of Appeals if necessary.
At the start of Josh's testimony, appellant again objected to Josh's testimony on grounds that Josh was not the alleged victim of a charged offense. The court stated that "that objection is reserved (inaudible) Court of Appeals (inaudible)." Defense counsel never raised the issue of needing additional time to prepare an argument with regard to the televised testimony of Bobby and Josh. See State v. Sibert (1994), 98 Ohio App.3d 412,422 (error may not be based on admission of evidence without objection stating specific grounds).
In light of the above, we find no prejudice to appellant in that the testimony of the children as it related to R.C.2151.3511 was discussed and resolved by the trial court both at pre-trial and on the record during the adjudication hearing.
Appellant further argues that although he was visible to his attorney on a television monitor throughout the testimony of Bobby and Josh, the trial court did not comply with the requirement of R.C. 2151.3511(C) because there was no other means of electronic communication with his attorney available. Again, no objection was made to the electronic setup for the child witness testimony at the hearing, thus waiving the issue for review. See Sibert, 98 Ohio App.3d at 422. Appellant's first assignment of error is overruled in its entirety.
Appellant argues in his second assignment of error that his adjudication as delinquent was against the manifest weight of the evidence. Our standard when reviewing a manifest weight claim is to determine whether there is substantial evidence contained in the record from which the trial court could reasonably conclude that all elements of the offense were proven beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, 59. The state is entitled to have the probative evidence and inferences drawn from evidence viewed in the light most favorable to it. State v. Martin (1983), 20 Ohio App.3d 172, 175.
In this case, the complaint of delinquency against appellant specified that appellant had committed acts which would constitute felonious sexual penetration in violation of R.C.2907.12 if committed by an adult. R.C. 2907.12 specifies in part that:
 (A)(1) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age * * *.
Three of the Caudill brothers testified to the acts committed upon Katie by appellant. Fifteen-year-old Casey stated that appellant "stuck his finger in my sister's vagina." Eleven-year-old Chris stated that appellant "stuck his finger in her [Katie's] private." Seven-year-old Bobby stated that appellant "humped" Katie "in the front and the back." The boys made similar statements to Detective Johnson which are contained in the record.
Although the defense raised the issue of fifteen-year-old Casey falsely implicating appellant and exerting control over his younger brothers to go along with the accusation, the court specifically found Casey's testimony to be credible and noted that Casey was in custody prior to the hearing and without access to his younger brothers.
The court found the testimony of the other children to be corroborative, noting that "if you listen to all the testimony, it all fit in together." In particular, the court found the youngest brother Bobby's testimony to have "very much credibility," in that "the things he said couldn't be rehearsed." The court went on to say, "[i]n fact, I don't believe things that any of these people say could be rehearsed."
Noting the detail and corroboration in the testimony as to time frames, who was involved, what acts were committed, even down to what people were wearing, we find that the record contains sufficient evidence for the court to find appellant delinquent as a result of committing felonious sexual penetration. See Eskridge, 38 Ohio St.3d at 59. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] R.C. 2151.3511 provides in part as follows:
 (C) In any proceeding in juvenile court involving a complaint in which a child is charged with a violation listed in division (A)(1) of this section and in which an alleged victim was a child who was under eleven years of age when the complaint was filed, the prosecution may file a motion with the juvenile judge requesting the judge to order the testimony of the child victim to be taken in a room other than the room in which the proceeding is being conducted and televised, by closed circuit equipment, into the room in which the proceeding is being conducted to be viewed by the child who is charged with the violation and any other persons who are not permitted in the room in which the testimony is to be taken but who would have been present during the testimony of the child victim had it been given in the room in which the proceeding is being conducted.